IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DONNA BUETTNER-HARTSOE,
*et al.*,                                       *

    Plaintiffs,                       *        Civil Action No. RDB-20-3132

    v.                                *

BALTIMORE LUTHERAN HIGH           *
SCHOOL ASSOCIATION,
*d/b/a/* CONCORDIA PREPARATORY    *
SCHOOL,
                                            *

    Defendant.

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

JENNIFER PULLEN,                  *

    Plaintiff,                        *        Civil Action No. RDB-20-3214

    v.                                *

BALTIMORE LUTHERAN HIGH           *
SCHOOL ASSOCIATION,
*d/b/a/* CONCORDIA PREPARATORY    *
SCHOOL,
                                            *

    Defendant.

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

ANDREA CONRAD, *et al.*,          *

    Plaintiffs,                       *        Civil Action No. RDB-20-3229

    v.                                *

BALTIMORE LUTHERAN HIGH           *
SCHOOL ASSOCIATION, *d/b/a/*
CONCORDIA PREPARATORY             *
SCHOOL, and LUTHERAN CHURCH-
MISSOURI SYNOD,                   *

| | | |
|---|---|---|
| SOUTHEASTERN DISTRICT, | * | |
| Defendants. | | |

\*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*

| | | |
|---|---|---|
| ARIANA GOMEZ, | * | |
| Plaintiff, | * | Civil Action No. RDB-20-3267 |
| BALTIMORE LUTHERAN HIGH SCHOOL ASSOCIATION, *d/b/a/* CONCORDIA PREPARATORY SCHOOL, and LUTHERAN CHURCH-MISSOURI SYNOD, SOUTHEASTERN DISTRICT, | * * * * | |
| Defendant. | | |

\*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*

| | | |
|---|---|---|
| SELENA BARBER, *et al.*, | * | |
| Plaintiffs, | * | Civil Action No. RDB-21-0691 |
| v. | * | |
| BALTIMORE LUTHERAN HIGH SCHOOL ASSOCIATION, *d/b/a/* CONCORDIA PREPARATORY SCHOOL, | * * * | |
| Defendants. | | |

\*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*

## **MEMORANDUM OPINION**

These five cases are brought by five different women, all former students of Concordia Preparatory School ("CPS"), previously known as Baltimore Lutheran High School. The women make similar allegations of sexual assault and verbal sexual harassment by male students at the school dating back to 2016. They allege that school officials failed to adequately

2

address their numerous complaints or take any meaningful action in response, thereby cultivating a hyper-sexualized culture at the school. In this series of cases, three minors, N.H., H.C., and A.G.—through their respective mothers, Donna Buettner-Hartsoe, Andrea Conrad, and Selena Barber—and two adults, Jennifer Pullen and Ariana Gomez (collectively, "Plaintiffs"), bring federal and state claims against Defendant Baltimore Lutheran High School Association, now doing business as Concordia Preparatory School, and Defendant Lutheran Church-Missouri Synod, Southeastern District ("LCMS").[1]

Presently pending before this Court is Defendant CPS's Motion for Reconsideration, or in the Alternative, Motion to Certify Order for Interlocutory Appeal. (ECF No. 132.)[2] Additionally before this Court are Motions for Leave to File Amicus Brief by several interested parties. (ECF Nos. 134, 136.)  The Court has reviewed the parties' submissions and held a hearing on September 1, 2022. *See* Local Rule 105.6 (D. Md. 2021). For the reasons set forth on the record at the hearing and for the reasons that follow, Defendant CPS's Motion is DENIED IN PART and GRANTED IN PART.  Specifically, CPS's Motion for Reconsideration is DENIED, but the Alternative Motion to Certify the Order for Interlocutory Appeal is GRANTED.  This case shall be STAYED pending a ruling by the United States Court of Appeals for the Fourth Circuit.  The Motions for Leave to File Amicus Brief ARE GRANTED.

---

[1] On May 18, 2021, all of these cases were assigned to the undersigned Judge. Through its June 23, 2021, Order, this Court consolidated these cases for discovery and motions. (RDB-20-3132, ECF No. 65; RDB-20-3214, ECF No. 48; RDB-20-3229, ECF No. 61; RDB-20-3267, ECF No. 101; RDB-21-0691, ECF No. 17.)
[2] Because the cases have been consolidated, the Court cites to the docket in the case filed first, RDB-20-3132.

**BACKGROUND**

In a Memorandum Opinion dated June 23, 2021, this Court detailed Plaintiffs' factual allegations. (*E.g.*, RDB-20-3132, ECF No. 63 at 5-20.)[3] On July 21, 2022, this Court denied Defendant CPS's Motion for Summary Judgment.[4] (ECF Nos. 130, 131.) In response, Defendant CPS filed the instant Motion for Reconsideration, or in the Alternative, Motion to Certify Order for Interlocutory Appeal (ECF No. 132). Defendant's Motion largely reiterates arguments previously addressed by this Court. In short, Defendant requests reconsideration on the basis of clear error and takes the position that the Court erred in holding that federal tax exemption under 501(c)(3) constitutes federal financial assistance for the purposes of Title IX. (ECF No. 132-1 at 2-3.) Plaintiffs astutely note that disagreement with the Court's Order is not a sufficient basis for reconsideration. (ECF No. 140 at 26.) As explained below, the Court DENIES the part of Defendant's Motion that seeks reconsideration.

Defendant's Motion alternatively seeks certification for an interlocutory appeal. (ECF No. 132-1 at 18.) Defendant argues that the requirements for interlocutory appeal have been met, namely that the issue of whether 501(c)(3) tax exemptions constitute federal financial assistance is a controlling question of law, and its immediate resolution would materially advance the outcome of litigation. *Id.* Plaintiffs oppose interlocutory appeal and characterize the issue as a mere disagreement that can be narrowed to the financial facts pertaining to CPS.

---

[3] This same Memorandum Opinion was docketed in each of the five consolidated cases. (*See* RDB-20-3132, ECF No. 63; RDB-20-3214, ECF No. 46; RDB-20-3229, ECF No. 59; RDB-20-3267, ECF No. 99; RDB-21-0691, ECF No. 15.) In that Memorandum Opinion, this Court denied Defendant CPS's motions to dismiss the Title IX claims of Plaintiffs H.C., Gomez, and A.G. (*E.g.,* RDB-21-0691, ECF No. 15 at 32–36.)

[4] CPS's Motions were styled as partial motions to dismiss under Fed. R. Civ. P. 12(b)(6) or, in the alternative, for summary judgment under Fed. R. Civ. P. 56. The Court considered matters outside of the pleadings and reviewed CPS's motions under the Fed. R. Civ. P. 56 standard.

(ECF No. 140 at 32-40.) As stated on the record, the Court is mindful of the split in authority on this question and the implications of its analysis. Accordingly, this issue shall be certified for interlocutory appeal.

## STANDARD OF REVIEW

### I. Motion for Reconsideration

Pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, "any order or other decision . . . that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . may be revised at any time before the entry of [final judgment]." Fed. R. Civ. P. 54(b). "Motions for reconsideration of interlocutory orders are not subject to the strict standards applicable to motions for reconsideration of a final judgment." *Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 514 (4th Cir. 2003). However, the Fourth Circuit has suggested that the Rule 60(b) standard guides the district court's analysis. *Fayetteville Investors v. Commercial Builders, Inc.*, 936 F.3d 1462, 1472 (4th Cir. 1991). As this Court has previously noted, "the court's analysis is guided by Rule 60(b) but is not bound by its strictures." *Cincinnati Ins. Co. v. Fish*, No. RDB-19-3355, 2022 WL 1225419, *1 (D. Md. Apr. 26, 2021).

"Rule 60(b) provides extraordinary relief and may only be invoked under 'exceptional circumstances.'" *Mines v. United States*, No. WMN-10-520, 2010 WL 1741375, at *2 (D. Md. April 28, 2010) (quoting *Compton v. Alton Steamship Co., Inc.*, 608 F.2d 96, 102 (4th Cir. 1982)). To support a motion under Rule 60(b), the moving party must demonstrate "timeliness, a meritorious defense, a lack of unfair prejudice to the opposing party, and exceptional circumstances." *Hale v. Belton Assoc., Inc.*, 305 Fed. Appx. 987, 988 (4th Cir. 2009) (quoting

*Dowell v. State Farm Fire & Cas. Auto. Ins. Co.*, 993 F.2d 46, 48 (4th Cir. 1993)). If these threshold requirements are met, the moving party must then establish one of six predicates:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud, misrepresentation or other misconduct of an adverse party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; or
> (6) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60(b). The moving party "must clearly establish the grounds therefore to the satisfaction of the district court," and those grounds "must be clearly substantiated by adequate proof." *In re Burnley*, 988 F.2d 1, 3 (4th Cir. 1992) (citations omitted).

## II. Motion to Certify Order for Interlocutory Appeal

"A district court's order denying a motion for summary judgment or denying a motion to dismiss is interlocutory and may be appealed only (a) if the district court certifies under 28 U.S.C. § 1292(b) that the order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation; and (b) the Court of Appeals permits such appeal." *Georgetown Coll. v. Madden*, 660 F.2d 91, 96–97 (4th Cir. 1981).

The district court has broad discretion to determine whether an interlocutory appeal is appropriate. *Swint v. Chambers Cnty. Comm'n*, 514 U.S. 35, 47 (1995). As § 1292(b) provides that a district court "shall" certify an appeal when its requirements are met, "[w]hen a district court determines that the statutory criteria are present, . . . it has a "duty . . . to allow an immediate appeal to be taken." *In re Trump*, 928 F.3d 360, 369 (4th Cir. 2019) (quoting *Ahrenholz v. Bd. of Trs. of the Univ. of Ill.*, 219 F.3d 674, 677 (7th Cir. 2000)). However, the Fourth Circuit has made

clear that Section 1292(b) "should be used sparingly and . . . its requirements must be strictly construed." *Myles v. Laffitte*, 881 F.2d 125, 127 (4th Cir. 1989).

## ANALYSIS

I.  **Motion for Reconsideration**

Defendant faces a "high bar . . . to succeed on a Motion for Reconsideration." *Worsham v. Discount Power*, No. RDB-20-0008, 2021 WL 5742382, at *2 (D. Md. Dec. 1, 2021) (citation omitted). A litigant's "mere disagreement" with a court's ruling is not enough to justify a motion for reconsideration. *Lynn v. Monarch Recovery Mgmt.*, 953 F. Supp. 2d 612, 620 (D. Md. 2013) (citation omitted). Accordingly, "the prior judgment cannot be 'just maybe or probably wrong; it must . . . strike the court as wrong with the force of a five-week-old, unrefrigerated dead fish.'" *Fontell v. Hassett*, 891 F. Supp. 2d 739, 741 (D. Md. 2012) (citation omitted). In other words, the Court's previous judgment must be "dead wrong." *TFWS, Inc. v. Franchot*, 572 F.3d 186, 194 (4th Cir. 2009).

Defendant CPS's motion for reconsideration largely reiterates arguments previously addressed by the Court, such as its reliance on *Johnny's Icehouse Inc. v. Amateur Hockey Ass'n*, 134 F. Supp. 2d 965 (N.D. Ill. 2001), and its challenge to the scope of *Regan v. Taxation with Representation*, 461 U.S. 540 (1983). (ECF No. 132-1.) These arguments have already been decided, and are not a valid predicate for reconsideration under Rule 60(b), even under the more permissive construction afforded by Rule 54(b). However, Defendant does raise, for the first time, the impact of the DOJ regulations implementing Title IX, 34 C.F.R. § 106.2(g). (ECF No. 132-1 at 5-6.) Nonetheless, as the Central District of California recently noted in *E.H. v. Valley Christian Academy*, 2022 WL 2953681 (C.D. Cal. Jul. 25, 2022), although "the

regulations provide guidance on the types of funding that constitute federal financial assistance, the Title IX statute itself does not define the term." 2022 WL 2953681, at * 6–7. It is questionable that the DOJ regulations may interpret the statute to narrow the scope of the term "federal financial assistance" in a manner that is inconsistent with its purpose: "to eliminate discrimination in programs or activities benefitting from federal financial assistance." *McGlotten v. Connally*, 338 F. Supp. 448, 461 (D.D.C. 1972) (reaching analogous result under Title VI, and holding that "[d]istinctions as to the method of distribution of federal funds or their equivalent seem beside the point"). Accordingly, absent indication that this Court's Order was founded on "clear error", there is no basis for reconsideration and Defendant's request shall be DENIED.

## II.  Motion to Certify Order for Interlocutory Appeal

The Court finds that its Order "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). The Fourth Circuit defines a controlling question of law as "a pure question of law" or "an abstract legal issue that the court of appeals can decide quickly and cleanly." *Int'l Refugee Assistance Project v. Trump*, 404 F. Supp. 3d 946, 950 (D. Md. 2019) (quoting *United States ex rel. Michaels v. Agape Senior Cmty., Inc.*, 848 F.3d 330, 340 (4th Cir. 2017)). A pure issue of law raises "'a question of the meaning of a statutory or constitutional provision, regulation, or common law doctrine' – as opposed to 'whether the party opposing summary judgment had raised a genuine issue of material fact.'" *Coal. For Equity & Excellence in Md. Higher Educ. v. Md. Higher Educ. Comm'n*, No. CCB-06-2773, 2015 U.S. Dist. LEXIS 83741, at *13 (D. Md. June 29, 2015). To be

"controlling," the question of law must be "serious to the conduct of the litigation, either practically or legally." *Kayz v. Carte Blanche Corp.*, 496 F.2d 747, 755 (3d Cir. 1974); *see Kennedy v. St. Joseph's Ministries, Inc.*, 657 F.3d 189, 195 (4th Cir. 2011) ("We are faced with a pure question of law and our resolution of it terminates the case.").

To determine whether there is a substantial difference of opinion, there must be "'substantial doubt' that the district court's order was correct." *Goodman v. Archbishop Curley High Sch., Inc.*, 195 F. Supp. 3d 767, 774 (D. Md. 2016). "In deciding whether certification will materially advance the ultimate termination of the litigation, 'a district court should consider whether an immediate appeal would: (1) eliminate the need for trial, (2) eliminate complex issues so as to simplify the trial, or (3) eliminate issues to make discovery easier and less costly.'" *Ekstrom v. Cong. Bank*, No. ELH-20-1501, 2021 U.S. Dist. LEXIS 6628, at *8 (D. Md. Jan. 13, 2021) (quoting *Goodman v. Archbishop Curley High School, Inc.*, 195 F. Supp. 3d 767, 773 (D. Md. 2016)).

Here, the requirements for an interlocutory appeal are met. The issue of whether 501(c)(3) tax exempt status constitutes federal financial assistance under Title IX is a pure issue of law on which there are differing opinions that may seriously impact the litigation of this case. Although reversal of the issue in this Court's Order may not subject the case to remand as it relates to Plaintiff H.C.'s claims,[5] the parties recognize that this is an issue of first

---

[5] The Court's Memorandum denying Defendant's partial motion for summary judgement distinguished the rational for denial pertaining to Plaintiff H.C. (ECF No. 96 at 12.) This Court held that Defendant CPS admittedly received federal funding in March and April of 2020 in the form of a PPP loan. *Id.* In its Motion for Reconsideration, Defendant CPS has conceded that it received federal funding during at least some of the time period that Plaintiff H.C. attended school, but takes issue with the timing of events which indicate whether it availed itself to Title IX liability relating to H.C.'s claims. (ECF No. 98, Ex. 1 at 13.) This argument is not requested for appeal, and therefore remains an issue in this case regardless of the Fourth Circuit's decision.

impression with great significance to educational institutions. *Goodman*, 195 F. Supp. 3d at 774. Moreover, Defendant aptly notes that resolving the Title IX issue definitively at this stage will lend clarity to possible settlement discussions and pretrial preparation. (ECF No. 132-1.) As a result, the Court GRANTS Defendant's request to certify the Court's Order (ECF Nos. 130, 131) for interlocutory appeal.

## CONCLUSION

For the reasons stated above, the Motions for Leave to File Amicus Brief (ECF Nos. 134, 136) are GRANTED as those briefs were considered, and Defendant CPS's Motion for Reconsideration, or in the Alternative, Motion to Certify Order for Interlocutory Appeal (ECF No. 132) is DENIED IN PART and GRANTED IN PART. Defendant's Motion is DENIED IN PART as this Court will not reconsider its Order denying CPS's Motion for Summary Judgment. (ECF Nos. 130, 131.) However, the Motion is GRANTED IN PART and the Court certifies its Order (ECF Nos. 130, 131) for interlocutory appeal to the United States Court of Appeals for the Fourth Circuit. The remainder of this case is consequently STAYED pending review from the United States Court of Appeals for the Fourth Circuit.

A separate Order follows.

Dated: September 6, 2022                                   _____/s/_____
                                                          Richard D. Bennett
                                                          United States District Judge